UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECTO B. AQUINO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>    Defendants. | Case No. 15-cv-05181-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Docket Nos. 7, 22 |

Now before the Court for consideration is the motion to dismiss filed by Defendants U.S. Bank, National Association as Trustee for the Banc of America Funding 2006-J Trust ("U.S. Bank") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY GRANTS Defendants' motion, GRANTS leave to amend, and CONTINUES the case management conference scheduled for February 12, 2016 to April 1, 2016 at 11:00 a.m..

**EVIDENTIARY ISSUES AND BACKGROUND**

**A.  Evidentiary Issues.**

Defendants request that the Court take judicial notice of the deeds of trust on the Property, various documents recorded in connection with the foreclosure proceedings, and various court documents. (Docket No. 8, Request for Judicial Notice ("RJN").) Plaintiffs, Perfecto B. Aquino and Zenaida Aquino (the "Aquinos"), do not contest the authenticity of those documents. The Court can take judicial notice of the existence of public records or court documents, but it may not take judicial notice of disputed facts in those documents. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201. The Court

1    GRANTS, IN PART, the request to take judicial notice, and it takes judicial notice of Exhibits 1-
2    12 and 19-21.
3          According to the record, the Aquinos filed three prior lawsuits relating to the non-judicial
4    foreclosure proceedings on property described in the following section.  Because the first two
5    lawsuits did not raise the same claims at issue in this case, the Court was not required to consider
6    them to resolve this motion.  Therefore, the Court DENIES, AS MOOT, the request to take
7    judicial notice of Exhibits 13-18.
8          Defendants also move to incorporate by reference the Settlement Agreement and two
9    letters dated July 21, 2015.  (Docket No. 22, Motion for Incorporation by Reference ("MIBR").)
10   The incorporation by reference doctrine "permits a district court to consider documents 'whose
11   contents are alleged in a complaint and whose authenticity no party questions, but which are not
12   physically attached to the [plaintiff's] pleading.'"  *In re Silicon Graphics Inc. Sec. Litig.,* 183 F.3d
13   970, 986 (9th Cir. 1999)) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled
14   on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)); *see
15   also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  The Aquinos do not
16   oppose the request to consider the letters date July 21, 2015, and those letters are central to the
17   negligence claim.  Accordingly, the Court shall consider those documents under the incorporation
18   by reference doctrine.
19         The Aquinos do not dispute that the Settlement Agreement submitted by Defendants is
20   authentic.  In addition, contrary to their arguments, they do refer to the Settlement Agreement and
21   a portion of its contents in paragraph 28, but it is not clear that the Settlement Agreement is central
22   to the negligence claim.  However, the Aquinos have asked for leave to amend to include claims
23   for "intentional and negligent misrepresentation and breach of the implied covenant of good faith
24   and fair dealing, based on Defendants' wrongful conduct in inducing Plaintiffs to enter a sham
25   settlement agreement…."  (Opp. Br. at 10:22-24.)  Accordingly, the Court shall consider the
26   Settlement Agreement solely for purposes of evaluating whether to grant leave to amend.
27   **B.**    **Factual Background.**
28         In October 2006, the Aquinos obtained two loans secured by deeds of trust for property

1  located at 35979 Bronze Street, Union City, California (the "Property").  The first loan ("First

2  Loan"), which is the loan at issue here, was in the amount of $860,000.  (Compl. ¶ 10; RJN, Ex.

3  1.)  At some unspecified point, the Aquinos defaulted on the First Loan, a notice of default was

4  recorded in December 2009, and a notice of trustee's sale was recorded on March 10, 2010.

5  (Compl. ¶¶ 11-12; RJN Exs. 3-4.)

6          On or about May 24, 2010, an assignment of deed of trust was recorded, by which Wells

7  Fargo assigned all beneficial interest in the First Loan to U.S. Bank.  (Compl. ¶ 13; RJN Ex. 5.)

8  Thereafter, the notice of default recorded in December 2009 was rescinded, and in December 2011

9  a second assignment of deed of trust was recorded, in which Wells Fargo again assigned U.S.

10  Bank all beneficial interest under the First Loan.  (RJN Exs. 6-7.)  In January 2012, First

11  American Trustee Servicing Solutions, LLC recorded a new notice of default on U.S. Bank's

12  behalf.  (Compl. ¶ 14; RJN, Ex. 8.)  A notice of trustee's sale was recorded on April 12, 2012.

13  (Compl. ¶ 15; RJN, Ex. 9.)[1]

14          In January 2014, the Aquinos attempted to obtain a loan modification from Defendants.[2]

15  On May 7, 2014, Wells Fargo denied the request.  (Compl. ¶¶ 16-19.)  According to the Aquinos,

16  Wells Fargo represented that it was "'unable to create an affordable mortgage payment that still

17  meets the requirement of the program' through its review of [their] monthly income," which they

18  allege was greater than the amount calculated by Wells Fargo.  (*Id.* ¶¶ 20-21; *see also* RJN, Ex. 19

19  (*Aquino v. U.S. Bank, NA, as Trustee for the Banc of America Funding 20060J Trust,* Case No.

20  RG14740900, First Amended Complaint (hereinafter "Third Action Complaint"), ¶¶ 19-21, Ex.

21  B).)

22          The Aquinos applied for another loan modification, and Wells Fargo denied that request on

---

[1] Additional notices of trustee's sale were recorded in June 2013, July 2014, and September 2015.  (RJN Exs. 10-12.)  The trustee's sale has not occurred.

[2] The Aquinos do not always clearly distinguish between the two named Defendants in their Complaint.  Defendants also moved to dismiss collectively.  If the Aquinos file the amended complaint permitted by this Order, they shall not lump the Defendants together.  Rather, they shall clearly specify the actions each particular defendant is alleged to have taken.  If the Aquinos' theory is that one of the defendants is vicariously liable for the action of the other, they must clearly set forth facts showing the basis for that theory of liability.

3

1    or about August 18, 2014.  (Compl. ¶¶ 22-23.)  According to the Aquinos, Wells Fargo again

2    represented that it was "'unable to create an affordable mortgage payment that still meets the

3    requirement of the program' through its review of [their] monthly income," which they allege was

4    greater than the amount calculated by Wells Fargo.  (*Id.* ¶¶ 22-25; *see also* Third Action

5    Complaint, ¶¶ 24-27, Ex. D.)

6    On November 17, 2014, the Aquinos filed a lawsuit in which they alleged claims against

7    the Defendant for negligence, dual tracking in violation of California Civil Code section

8    2923.6(c), and injunctive relief under Civil Code Section 2924.12 ("Section 2924.12"), based on

9    the alleged dual tracking (the "Third Action").  (RJN, Ex. 19 (Third Action Complaint, ¶¶ 18-27,

10   Exs. B, D.)  The Third Action was resolved on June 10, 2015, when the parties entered into a

11   settlement agreement (the "Settlement Agreement").  (Compl. ¶ 28; RJN, Ex. 21; MIBR, Ex. 22

12   (Settlement Agreement).)

13   In June 2015, pursuant to the Settlement Agreement, the Aquinos submitted a new

14   application for a non-Home Affordable Mortgage Program ("HAMP") loan modification to Wells

15   Fargo.  (Compl. ¶¶ 26-28; Settlement Agreement, ¶ 3.4.)  Wells Fargo denied the application on

16   July 21, 2015.  According to the Aquinos, Wells Fargo represented that, "[t]he current unpaid

17   principal balance on your loan is higher than the program limit ($729,750 for a one unit property

18   ...)."  (Compl. ¶ 28; *see also* MIBR, Ex. 23.)  The Aquinos also allege that

> Defendants knew that the [Aquinos'] loan balance exceed that amount before they began looking at the loan modification request. And that this fact was already contained in the parties [*sic*] Settlement Agreement dated June 10, 2015. A second reason for ... denying [the Aquinos] the in-house loan modification program was the claim that, "At this time, you do not meet the requirements of this program because: Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program. We reached this decision by reviewing your monthly gross income, which is calculated as $10,458.00, along with reviewing the other information you provided. Your gross monthly income is your income before taxes and other deductions."

26   (Compl. ¶ 28; *see also* MIBR, Ex. 24.)  The Aquinos allege, on information and belief, that "this"

27   statement was false and allege that Wells Fargo knew it was false.  (*Id.* ¶ 29.)

28   The Court shall address additional facts as necessary in the analysis.

4

**ANALYSIS**

**A.      Applicable Legal Standards.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleadings standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g. Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

**B.      The Court Dismisses the Negligence Claim, With Leave to Amend.**

The Aquinos allege that "Defendants failed to exercise the appropriate duty of care in their review of [their] loan modification application" and negligently denied that application.  (Compl. ¶ 30; *see also id.* ¶ 33.)  In order to state a claim for negligence, the Aquinos must allege that: (1) Defendants owed them a duty of care; (2) Defendants breached that duty; and (3) the breach proximately caused their damages or injuries.  *See Lueras v. BAC Home Loans Servicing, LLP*, 221 Cal. App. 4th 49, 62 (2013).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establish a claim for negligence."  *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991).  The "question of the existence of a legal duty of

5

care . . . presents a question of law which is to be determined by the courts alone." *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000).

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" *Id.* (internal citation omitted). Whether a lender owes a duty of care to a borrower in the loan modification context is unsettled, and there is a split in authority among California courts. *See, e.g., Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 901 (2013) ("*Nymark* does not support the sweeping conclusion that a lender never owes a duty of care to a borrower."); *compare Alvarez v. BAC Home Loans Servicing*, 228 Cal. App. 4th 941, 945 (2014) (finding facts sufficient to allege claim for negligence claim); *with Lueras v. BAC Home Loans Servicing, LLP*, 221 Cal. App. 4th 49, 62 (2013). Courts within this district also have reach different conclusions on this issue. *Compare Carbajal v. Wells Fargo Bank, N.A.*, No. 14-cv-7851-PSG, 2015 WL 2454054, at *4-7 (N.D. Cal. April 10, 2015) (finding no duty) *with Rijhwani v. Wells Fargo Home Mortgage, Inc.*, No. 13-cv-05881-LB, 2014 WL 890016, at *17 (N.D Cal. Mar. 3, 2014) (finding plaintiffs' stated claim for negligence based on allegations that defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure sale)

Some courts have balanced the following six factors: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Nymark*, 231 Cal. App. 3d at 1098 (citing *Biakanja v. Irving*, 49 Cal. 2d 647, 649-50 (1958)). In cases where courts have found a plaintiff stated a claim for negligence, the allegations showed that a defendant did more than deny a request to modify a loan. Rather, the plaintiffs alleged that defendants mishandled documents or engaged in some other form of misconduct. *See, e.g., Alvarez*, 228 Cal. App. 4th at

945 (plaintiff alleged that defendants relied on inaccurate information about plaintiff's income and alleged defendants falsely advised him that documents had not been submitted); *Rijhwani,* 2014 WL 890016, at *17 (plaintiffs alleged that the defendant tricked them into defaulting on a loan and instructed them to ignore notices, while the defendant sold their home at a foreclosure sale); *Shapiro v. Sage Point Lender Servs.*, No. EDCV 14-1591-JGB, 2014 WL 5419721, at *9 (C.D. Cal. Oct. 24, 2014) (plaintiff alleged that defendant provided contradictory information about status of application and that defendant advised him application had been received but denied application on basis that documents were missing); *cf. Lueras*, 221 Cal. App. 4th at 68 ("a lender does owe a duty to a borrower to not make material misrepresentations about the status of an application for a loan modification or about the date, time, or status of a foreclosure sale.").

Here, contrary to Defendants' arguments, the Aquinos do not allege that Defendants owed them a duty to approve their loan modification. Rather, they allege that Defendants agreed to review their application for a loan modification and, having agreed to do so, owed them a duty to review it with reasonable care. However, the Court concludes that the Aquinos have not alleged sufficient facts to bring the allegations in line with cases such as *Alvarez*, 228 Cal. App. 4th at 945 and *Rijhwani*, 2014 WL 890016, at *17. First, the Aquinos simply state that the various statements in paragraph 28 were false, but do not identify how they were false. Therefore, they have not alleged facts showing that the Defendants made any material misrepresentations to them.[3] In addition, they do not include any facts to support the allegations that the Defendants relied on incorrect information when they conducted the loan review.

Accordingly, the Court grants the motion to dismiss the negligence claim. Because the Court cannot say it would be a futile act, the Court will grant the Aquinos leave to amend this claim.

**C.     The Court Dismisses the Claim for Injunctive Relief.**

The Aquinos also seek relief under Section 2924.12, which provides, in pertinent part, that

---

[3] In addition, as Defendants note, the Settlement Agreement provides that Defendants would not undertake a HAMP modification review, because the unpaid principal balance on the loan exceeded the maximum principal balance set by HAMP guidelines. (Settlement Agreement ¶ 3.4, & at p.2, n.1.)

7

1  "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for

2  injunctive relief to enjoin a material violation of" various provisions of the Civil Code.  Cal. Civ.

3  Code § 2924.12(a).  The Aquinos contend that they are entitled to injunctive relief, because

4  Defendants' conduct is a material violation of Section 2923.6(a).  (Compl. ¶ 41.)

5  Section 2923.6(a) provides, in part, that "any duty that mortgage servicers may have to

6  maximize net present value under their pooling and servicing agreements is owed to all parties in a

7  loan pool, or to all investors under a pooling and servicing agreement, … , and … a mortgage

8  servicer acts in the best interests of all parties to the loan pool or investors in the pooling and

9  servicing agreement if it agrees to or implements a loan modification or workout plan for which

10 both of the following apply: (1) The loan is in payment default, or payment default is reasonably

11 foreseeable.  (2) Anticipated recovery under the loan modification or workout plan exceeds the

12 anticipated recovery through foreclosure on a net present value basis."

13 Section 2924.12(a) clearly gives the Aquinos a right to sue for injunctive relief based on

14 material violations of Section 2923.6.  In this case, it is evident the Aquino's loan is in default and

15 a trustee's deed of sale has not been recorded.  However there are no facts in the Complaint that

16 support the assertion that Defendants materially violated Section 2923.6(a).

17 Defendants argue the Aquinos could never make such a claim, because numerous courts

18 have held that there is no private right of action for borrowers under Section 2923.6(a), and that

19 Section 2923.6(b) does not impose an obligation on lenders or servicers to offer a borrower a loan

20 modification.  *See, e.g., Rockridge Trust v. Wells Fargo*, N.A. 985 F. Supp. 2d 1110, 1154 (N.D.

21 Cal. 2013); *Roberts v. JP Morgan Chase Bank, N.A.*, No. 09-cv-01855-LHK, 2011 WL 964949, at

22 * 4 (N.D. Cal. Mar. 11, 2011); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177,

23 1188 (N.D. Cal. 2009); *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 222 (2010) ("[S]ection

24 2923.6 "does *not* operate substantively.  Section 2923.6 merely expresses the *hope* that lenders

25 will offer loan modifications on certain terms.") (emphasis in original).  However, in those cases,

26 it appears that the plaintiffs were seeking relief for direct violations of Section 2923.6, rather than

27 attempting to state a claim for relief under Section 2924.12(a).

28 Section 2924.12 provides that a borrower may bring an action for a material violation of

8

Section 2923.6, and, as it is currently drafted, the statute does not carve out any exceptions for subsections (a) and (b) of Section 2923.6.[4] Thus, it is possible that Section 2924.12(a) could be construed as courts have construed California Business and Professions Code sections 17200, *et seq.*, by which a plaintiff may bring a claim based on unlawful conduct, even if the underlying law does not provide for a private right of action. *See, e.g., Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000); *Matoff v. Brinker Rest. Corp.*, 439 F. Supp. 2d 1035, 1038 (C.D. Cal. 2006). The Court concludes that the parties have not adequately briefed this issue and, thus, it cannot determine on the existing record that it would be futile to grant the Aquinos leave to amend this claim.

Accordingly, the Court grants the motion to dismiss the claim for violations of Section 2924.12, based on the alleged violations of Section 2923.6(a), with leave to amend. In addition, the Aquinos can, in good faith and in compliance with their obligations under Federal Rule of Civil Procedure Rule 11 ("Rule 11"), allege facts that may show a material violation of a different provision of the Civil Code enumerated in Section 2924.12(a), they may include such a claim in the amended complaint permitted by this Order.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss, and it GRANTS the Aquinos leave to amend. Because the Court cannot say with certainty that it would be a futile act, and assuming the Aquinos can do so in good faith in in compliance with their obligations under Rule 11, the Court also shall grant the Aquinos leave to include claims for intentional and negligence misrepresentation as well as a claim for breach of the implied covenant of good faith and fair dealing.

The Aquinos shall file and serve a first amended complaint by no later than February 19, 2016. Defendants shall answer or otherwise respond twenty-one days after service of the first amended complaint.

---

[4] However, the version of Section 2924.12, which will become effective on January 1, 2018, omits any reference to Section 2923.6, and Section 2923.6 will be amended to delete all but subsections (a) and (b).

1  The Court CONTINUES the case management conference scheduled for February 12, 2016 to April 1, 2016, and the parties' joint case management conference statement shall be due by no later than March 25, 2016.

**IT IS SO ORDERED.**

Dated: January 27, 2016

_____
JEFFREY S. WHITE
United States District Judge