UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PERFECTO B. AQUINO, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>          Defendants. | Case No. 15-cv-05181-JSW<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 45 |

On November 14, 2016, Defendant, Wells Fargo Bank, N.A. ("Wells Fargo") filed a letter brief regarding a discovery dispute. Plaintiffs have responded, pursuant to this Court Order dated November 15, 2016. The Court HEREBY ADVISES the parties that if they fail to submit joint letter briefs, the party not participating in submission of the brief shall run the risk that the Court will rule on a dispute without the benefit of that party's input.

**Wells Fargo's Special Interrogatories (Set One) to Plaintiffs**: Wells Fargo raised two objections regarding Plaintiffs' responses. The first is that Plaintiff Zenaido Aquino did not submit a revised response following a meet and confer on October 7, 2016, although Plaintiff Pefecto B. Aquino did. Plaintiffs respond that the responses would be identical but is willing to provide revised responses on Ms. Aquino's behalf.

Wells Fargo also argues that the responses Plaintiffs have provided are deficient. Ms. Aquino has not responded a number of issues raised by Wells Fargo, including the fact that her responses are not verified, and that she has responded pursuant to the California Code of Civil Procedure. "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Plaintiffs shall comply with that rule

1  when they provide the responses required by this Order, and they shall omit any references to the
2  California Code of Civil Procedure in their revised responses.  Any objections should be based on
3  the Federal Rules.

4  Plaintiffs have clarified that their claims are based on "Wells Fargo's negligent review of
5  each of the loan modification applications Plaintiffs submitted" in 2014 and 2015.  (Plaintiffs'
6  Response to Letter Brief ("Resp.") at 2:12-13.)  The interrogatories at issue ask Plaintiffs to
7  provide "each figure you use[d] to calculate" alleged income income used to support their requests
8  for loan modifications and the "math used to reach the alleged income."  (*See, e.g.,* Letter Brief,
9  Ex. A, Special Interrogatories 4, 5.)  Wells Fargo argues that Plaintiffs' responses are non-
10 responsive in that they either refer Wells Fargo to the amended complaint or to documents that
11 have been produced or do not address a given loan modification.

12 Plaintiffs respond that third party "MJ Consulting Services, Inc. regularly shreds and
13 disposes of the financial information submitted to them by borrowers after the application has
14 been submitted.  As such, it has taken some time and will require more time for MJ Consulting
15 Services, Inc. to piece together Plaintiffs' financial picture from two years ago, which includes
16 tracking down the documents and information they submitted to Wells Fargo in 2014."  (Resp. at
17 1:14-20.)  Plaintiffs also state that they are "diligently searching through their files for information
18 and documents responsive to Wells Fargo's requests, which they will promptly provide once they
19 find them."  (*Id.* at 2:6-8.)

20 Fact discovery closed on November 7, 2016.  (Dkt. No. 41, Order Scheduling Trial and
21 Pretrial Matters.)  However, Wells Fargo asks that the Court Order Plaintiffs to provide "complete
22 and compliant" responses to the first set of special interrogatories.  The Court concludes that
23 Plaintiffs' responses to the interrogatories are insufficient.

24 Rule 33(d) provides that

25 > If the answer to an interrogatory may be determined by examining,
26 > auditing, compiling, abstracting, or summarizing a party's business
     > records (including electronically stored information), and if the
27 > burden of deriving or ascertaining the answer will be substantially
     > the same for either party, the responding party may answer by:
28

> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Plaintiffs have not demonstrated that Rule 33(d) should govern their responses to Wells Fargo's first set of interrogatories. Therefore, their revised responses may not simply refer Wells Fargo to documents they have produced.

Each Plaintiff shall submit revised responses to Wells Fargo's first set of interrogatories by no later than December 23, 2016. That date shall be a hard and fast deadline for the close of all fact discovery. If any party seeks to modify that deadline, they must submit a motion to this Court by no later than December 16, 2016, that demonstrates extremely good cause to extend that deadline further.

**Wells Fargo's Requests for Admission and Special Interrogatories (Set Two) to Plaintiffs**: Wells Fargo states that it served these documents on Plaintiffs on October 7, 2016, and that it has not received responses from Plaintiffs. Although Wells Fargo states that the documents were hand-served, Plaintiffs state that due to an "administrative error," they do not have a copy of the requests for admission and the second set of interrogatories. Wells Fargo shall provide a copy of those documents to Plaintiffs' counsel by December 2, 2016, and Plaintiffs shall respond by December 23, 2016.

**Marilo Jackson**: Wells Fargo seeks information about the fees MJ Consulting Services collected from Plaintiffs. Plaintiffs object to providing this information on the grounds of relevance.

> Parties may obtain discovery regarding any nonprivileged material that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

1  Fed. R. Civ. P. 26(b)(1).

2        The parties are HEREBY ORDERED to submit a further *joint* letter brief on this dispute
3  by no later than 12:00 p.m. on December 2, 2016, which directly discusses the relevance of any
4  fees paid to Ms. Jackson or MJ Consulting Services to the claims and defenses at issue in this
5  case.

6        **IT IS SO ORDERED.**

7  Dated: November 28, 2016

                                                  JEFFREY S. WHITE
                                                  United States District Judge